**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JURRELL CRAWFORD,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 26-00486-JB-B** |
| | * | |
| **GREGORY PATTERSON,** | * | |
| | * | |
| **Defendant.** | * | |

**REPORT AND RECOMMENDATION**

Plaintiff Jurell Crawford, an Alabama state inmate, initiated this action by filing a *pro se* complaint[1] pursuant to 42 U.S.C. § 1983, against Defendant Gergory Patterson, a correctional sergeant at Ventress Correctional Facility.[2] (Doc. 1). According to Crawford, Patterson attacked him during a search of his bed while Crawford was housed at Ventress Correctional Facility in Clayton, Alabama. (Id. at 5, 8-9). Crawford does not allege that any events involving Patterson took place at Holman Correctional Facility in Atmore, Alabama, which is where Crawford is currently

---

[1] Crawford also filed a motion to proceed without prepayment of fees on a form from the Middle District of Alabama. (Doc. 2). Because the undersigned recommends transfer of this action, the undersigned has not addressed this motion.

[2] This action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

incarcerated and where he was incarcerated when he initiated this action.[3] (Id. at 1, 5, 7, 10).

Proper venue for a civil action in federal court lies in one of the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. See 28 U.S.C. §§ 1391(b)(1)-(3). When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. See 28 U.S.C. § 1406(a); Lipofsky v. N.Y. State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988) (a district court may *sua sponte* raise the issue of defective venue); Kapordelis v. Danzig, 387 F. App'x 905, 906-07 (11th Cir. 2010) (affirming the *sua sponte* transfer, pursuant to 28 U.S.C. §

[3] See https://www.bop.gov/inmateloc/. This court may take judicial notice of the public records maintained on the BOP's website. See Valverde v. Washington, 2026 U.S. Dist. LEXIS 86034, at *2 n.1, 2026 WL 1083055, at *1 n.1 (M.D. Ala. Apr. 20, 2026) (citations omitted).

1406(a), of a *pro se* plaintiff's Bivens action from New York to Georgia), cert. denied, 562 U.S. 1250 (2011); Johnson v. Mossow, 2024 U.S. Dist. LEXIS 179969, at *3-4, 2024 WL 4537079, at *1-2 (S.D. Ala Oct. 2, 2024), report and recommendation adopted, 2024 U.S. Dist. LEXIS 190654, 2024 WL 4535459 (S.D. Ala. Oct. 21, 2024) (transferring, *sua sponte*, *pro se* plaintiff's action from Alabama to New York pursuant to § 1406(a)); Terry v. Harris, 2019 U.S. Dist. LEXIS 100784, at *2-3, 2019 WL 3024662, at *1 (S.D. Ala. June 14, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 114356, 2019 WL 3006541 (S.D. Ala. July 10, 2019) (transferring, *sua sponte*, *pro se* plaintiff's § 1983 action brought in improper venue).

Here, Crawford's complaint does not offer any facts indicating that the events alleged in the complaint took place at Holman Correctional Facility in Atmore, Alabama, where Crawford is currently incarcerated, and which lies in the Southern District of Alabama. Instead, the events described in Crawford's complaint are alleged to have taken place exclusively at Ventress Correctional Facility in Clayton, Alabama, which lies in the Middle District of Alabama. Therefore, venue would be proper in the Middle District of Alabama because a substantial part of the events or omissions giving rise to the claim are alleged to have occurred there. See 28 U.S.C. § 1391(b)(2). Accordingly, because Crawford's claims have no connection to the Southern District of

Alabama, venue is lacking in this District, and venue is proper in the Middle District of Alabama. Considering Crawford's *pro se* status, the undersigned finds that in the interest of justice, this action should be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**ORDERED** this **19th** day of **October, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**